**NOT FOR PUBLICATION**
UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

------------------------------------------------------------X
In re:

ALLSERVE SYSTEMS CORP.,

                                            Chapter 7
                                            Case No:
                                            05-60401 (MBK)

                          Debtor.
------------------------------------------------------------X
CHARLES A. STANZIALE, JR., Chapter 7
Trustee of Allserve Systems Corp.,

                          Plaintiff

            v.                                        Adv. Proc. No.:
                                            06-2208 (MBK)

VANGUARD INFO-SOLUTIONS CORP, et al.,

                          Defendants
------------------------------------------------------------X
GENERAL ELECTRIC CAPITAL CORP.,

                          Intervenor/Claimant

            v.

CHARLES A. STANZIALE, JR., Chapter 7
Trustee of Allserve Systems Corp.,

                          Defendant/Counterclaimant
------------------------------------------------------------X

**APPEARANCES:**
Lisa S. Bonsall, Esq.
McCarter & English, LLP
Four Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorney for General Electric Capital Corporation

Robert P. Donovan, Esq.
McElroy, Deutsch, Mulvaney
& Carpenter, LLP
Three Gateway Center
100 Mulberry Street
Newark, NJ 07102
Attorney for Charles A. Stanziale, Jr.,
Chapter 7 Trustee

Charles Poret, Esq.
Dechert LLP
30 Rockefeller Plaza
New York, NY 10112
Attorney for D.B. Zwirn Special Opportunities Fund, LP
-----------------------------------------------------------------------------------------------------------------------------------

**MICHAEL B. KAPLAN, U.S.B.J.**

**I.    FACTS AND PROCEDURAL HISTORY**

This matter comes before the Court on General Electric Capital Corporation's ("GECC") motion to dismiss the Chapter 7 Standing Trustee's ( "Trustee") counterclaim for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).  In his complaint, the Trustee seeks to recover assets allegedly fraudulently transferred by the Debtor, Allserve Systems Corp. ("Allserve"), to Vanguard Info-Solutions Corporation ("Vanguard").

Prior to Allserve's filing of its bankruptcy petition, in September and October 2005, GECC entered into two lease finance agreements with Vanguard in which GECC leased to Vanguard certain telecommunications equipment purchased by GECC and delivered to Vanguard.  Subsequently, GECC filed suit against Vanguard in state court alleging that Vanguard defrauded its creditors and had made misrepresentations to GECC with respect to the leases.  GECC obtained a temporary restraining order in state court preventing Vanguard from

removing any of the leased equipment it held.

On November 18, 2005, Allserve filed its petition for Chapter 11 Bankruptcy. The case was later converted to a Chapter 7 and the Trustee was appointed on January 23, 2006. In January 2006, post-petition, Vanguard, a non-debtor entity, granted GECC a blanket lien on its assets as a condition of GECC's agreement to forbear and to secure Vanguard's outstanding debt under the Vanguard leases. On July 26, 2006, the Trustee filed an adversary complaint against Vanguard and other entities. On September 6, 2006, GECC filed a motion to intervene in the action. On October 16, 2006, GECC filed its initial pleading seeking a declaration that it holds a duly perfected and unavoidable security interest in substantially all of Vanguard's assets. On March 5, 2007, the Trustee filed an Answer and Counterclaim, in response to GECC's initial pleadings, to avoid and recover certain alleged transfers of assets and/or security interests transferred to GECC. Specifically, the Trustee seeks the following as it relates to the alleged transfers between the Debtor, Vanguard and GECC:

1. Recovery under 11 U.S.C. § 550 from GECC as a subsequent transferee of fraudulently transferred assets (Count 1).

2. Recovery under 11 U.S.C. § 550 from GECC as an initial transferee of fraudulently transferred assets and/or security interests (Count 2).

3. Avoidance of GECC's lien pursuant to 11 U.S.C. § 544 (Count 3).

4. Avoidance of fraudulent transfers and/or GECC's lien under N.J.S.A. 25:2-29 of New Jersey's Uniform Fraudulent Transfer Act (UFTA), specifically N.J.S.A., 25:2-25 and 25:2-27(a) (Counts 4 & 5).

On April 4, 2007, GECC filed this motion to dismiss the Trustee's counterclaim.

Generally, GECC asserts that the Trustee has failed to plead any cognizable claim against GECC as a matter of law. With respect to the Trustee's claim that GECC was a subsequent transferee, GECC notes that the Trustee's claim is based on the assertion that Allserve transferred money and equipment to Vanguard for less than fair value, and six months later that Vanguard transferred to GECC security interests in Vanguard's assets to secure an antecedent debt. However, GECC argues in its motion that because an antecedent debt constitutes value - here, the security interests taken by GECC in exchange for its agreement to forbear from pursuing collection activities against Vanguard - the Trustee's claim fails. Moreover, GECC asserts that it had no knowledge that it was receiving an interest in fraudulently transferred property, despite the fact that GECC initiated state court proceedings in connection with the Vanguard lease. In support of this position, GECC cites to In re Bressman, 327 F.3d 229, 238 (3d Cir. 2003) for the proposition that a subsequent transferee is under no duty to independently investigate whether it is receiving property of the estate. GECC also disputes the Trustee's alternative theory that GECC is an initial transferee under 11 U.S.C. § 550. GECC notes that it received its security interest from Vanguard only and that Vanguard received the assets at issue from Allserve. Thus, GECC argues that Vanguard is the initial transferee, not GECC. Rather, GECC maintains that it is a subsequent transferee in the transaction at issue.

As to the Trustee's claim that he is a judicial lien creditor and may recover under 11 U.S.C. §§ 544 and 550, GECC asserts that the Trustee has not pled a cause of action. GECC notes that the Trustee must identify the assets that were transferred from Allserve to Vanguard, and that the same property was transferred to GECC. GECC argues that because the Trustee has not done so, and because GECC is a legitimate subsequent transferee, the Trustee's claim must

fail.

GECC's motion to dismiss further asserts that the Trustee's state law claims must fail. GECC contends that under no section of the UFTA can the Trustee recover from a subsequent transferee who received the subject liens from a non-debtor entity in exchange for value. Lastly, GECC asserts that the Trustee's argument that it can recover from GECC as an initial transferee, based on an alter ego theory, must also fail. Rather, GECC contends that alter ego theory is meant to protect the creditors of the transferor, not to create causes of action against the transferee's victims.

The Trustee filed a response to GECC's motion to dismiss. As to the Trustee's claim that GECC is a good faith subsequent transferee for value without knowledge, the Trustee contends that GECC had actual knowledge of Allserve's fraudulent activity, and/or had reason to know of such activities. Moreover, the Trustee disputes the bonafides of the antecedent debt. The Trustee further notes that there is currently no sworn statement from GECC attesting to that assertion. As such, the Trustee maintains that the Court is to accept his allegations as true. Furthermore, the Trustee argues that GECC is the party that bears the burden to provide evidence that it was a good faith transferee that took for value without knowledge. With regard to the initial transferee theory, the Trustee contends that he can prove that Vanguard was an alter ego of Allserve. Consequently, the Trustee argues that GECC would become the initial transferee. As with the subsequent transferee theory, the Trustee reiterates that it has sufficiently pled the remaining elements of § 550.

As to Count 3 of the Counterclaim, the Trustee employs 11 U.S.C. § 544 (a)(1) to utilize the lien priority scheme set forth in N.J.S.A. 12A:9-317(a) and to assert a superior lien position

to GECC's security interest. Specifically, the Trustee claims the status of a hypothetical judicial lien creditor who has levied upon the debtor's property as of the bankruptcy filing date, and thus has priority over subsequently filed liens. Thus, the Trustee submits that since GECC perfected its security interest in Vanguard's assets by filing a financing statement on January 23, 2006, after the Allserve bankruptcy filing, GECC's lien becomes subordinate to the Trustee's position and the trustee can recover any assets transferred pursuant to the lien under 11 U.S.C. §§ 544 and 550. Naturally, this cause of action rests upon the Trustee's contention that Vanguard and Allserve maintain an alter ego relationship.

Lastly, the Trustee maintains that he has pled sufficiently his state law fraudulent transfer claims. The Trustee argues that the burden is on GECC to establish that it took the assets at issue in good faith and for value. Moreover, the Trustee contends that because Vanguard and the Debtor are alter egos, he was a hypothetical lien creditor who trumps the lien acquired by GECC <u>after</u> the filing of Debtor's bankruptcy.

GECC filed a response to the Trustee's opposition. In addition to reiterating its earlier points, GECC argues that the burden of proof is on the Trustee. GECC argues that it is simply illogical to impose upon a defendant an obligation to establish a negative - that it did not act in good faith and that it did not have knowledge of the avoidability of the transfers. GECC also contends that the Trustee has no support for its theory that a third party unrelated to the debtor who receives a transfer from an entity separate from the debtors may be held liable as an initial transferee.

## II.   ANALYSIS

Pursuant to Federal Rule of Civil Procedure 12(b)(6), made applicable to this proceeding

by Federal Rule of Bankruptcy Procedure 7012(b), a party may move to dismiss a complaint for failure to state a claim upon which relief may be granted. A motion made under Rule 12(b)(6) challenges the legal sufficiency of a claim in order to determine whether it should proceed. Morris v. Azzi, 866 F.Supp. 149, 152 (D.N.J. 1994). "The purpose of the rule is to allow the court to eliminate actions that are fatally flawed in their legal premise and destined to fail, and thus spare the litigants the burdens of unnecessary pretrial and trial activity." Advanced Cardiovascular Sys., Inc. v. SciMed Life Sys., 988 F.2d 1157, 1160 (Fed. Cir. 1993), reh'g en banc denied, Hess v. Advanced Cardiovascular Systems, Inc., 520 U.S. 1277 (1997).

In considering a Rule 12(b)(6) motion, the reviewing court must accept all of the factual allegations contained within the complaint as true. See U.S. v. Gaubert, 499 U.S. 315, 327 (1991). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Gary v. Air Group, Inc., 397 F.3d 183, 186 (3d Cir. 2005). Ultimately, dismissal is appropriate only if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

The Rule 12(b)(6) motion to dismiss is very limited in terms what may be considered from an evidentiary standpoint. Specifically, the language of Rule 12(b) provides:

> If, on a motion ... to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material pertinent to such a motion by Rule 56.

F.R.C.P. 12.

Given this narrow scope, a court hearing a Rule 12(b)(6) motion will "generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record." Pension Ben. Guar. Corp. v. White Consol. Industries, 998 F.2d 1192, 1196 (3d Cir. 1993).[1]

Accepting all of the allegations in the Trustee's claims as true, this Court finds that the Trustee has sufficiently pled Counts 1, 2, 4 and 5. Indeed, while it has yet to be proven whether: (1) Vanguard was an alter ego of Allserve, (2) GECC had actual knowledge or a reasonable basis to know of Allserve's fraudulent activities or financial condition prior to its transaction with Vanguard, (3) GECC received its security interests or underlying assets from Vanguard with actual knowledge of their voidability or knowledge of facts that would lead a reasonable person to either believe or inquire as to whether the transfer was voidable, or (4) whether the antecedent debt owed GECC by Vanguard was valid, it is clear that the Trustee's allegations are not fatally flawed and are not destined to fail.

This Court disagrees with GECC's assertion that Bressman, supra, bars any recovery by the Trustee. In Bressman, the Third Circuit made a distinction between "notice" and "knowledge" and made it clear that a trustee has a viable cause of action if he or she can allege and ultimately establish that a transferee possessed **knowledge** of facts which, if further

---

[1] The Court notes that at the oral argument on the within motion, counsel for both parties made reference to documents and facts therein which were outside of the pleadings. The Court has not considered such matters in its decision and notes that Fed R. Civ. P 10(c) provides that copies of instruments which are appended to pleadings as an exhibits, become part of the pleadings for all purposes. The Court is unaware of any rule which provides that documents merely referenced in a pleading become part of such pleading for purposes of motions under Fed. R. 12(b)(6).

investigated, would reveal additional facts sufficient to alert the transferee that the property is recoverable. Bressman, 327 F.2d at 237. Bressman is clearly distinguishable from the case at bar. In Bressman, the Third Circuit, agreeing with the lower courts, determined that the trustee had failed to establish that the law firms, from whom the trustee sought disgorgement of alleged improper post-petition payments, had knowledge of facts which would give reason to believe that the payments were recoverable. Most significantly, however, is that the trustee in Bressman had been afforded the opportunity to engage in discovery and that dismissal of the claim came only after the parties had filed cross-motions for summary judgment. There were no material facts in dispute. This is not the situation presented herein, where the Trustee alleges more than simply "inquiry notice" and the parties contest whether GECC possessed actual knowledge sufficient to support the Trustee's claim. Accordingly, the Trustee is entitled to pursue discovery and move forward with his claims.

At oral argument, counsel for GECC highlighted the perceived inadequacies of the Trustee's complaint, in failing to clearly track and identify the specific transactions at issue, together with the specific corporate entities involved. This Court agrees that the pleadings contain certain significant gaps which must be filled-in and proved by a preponderance of evidence for any eventual recovery by the Trustee; however, the allegations in the complaint and counterclaim, when taken together, establish legally cognizable claims and satisfy the pleading requirements of Fed. R. Civ. P. 8(a) and Fed. R. Civ. P 9(b) [made applicable pursuant to Fed. R. Bank. P. 7008 and 7009, respectively]. A complaint need not allege - indeed, should not allege - "all of the evidence needed to prevail at trial." In re Fidanovski, 347 B.R. 343, 348 (Bankr. N. D. Ill. 2006), quoting, Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir.1998) (declaring that

9

plaintiffs should not be "larding their complaints with facts"). A complaint "'does not have to plead evidence,'" and a plaintiff in no way risks dismissal (let alone defeat at trial) because his complaint "'does not set forth a complete and convincing picture of the alleged wrongdoing.'" Id. (quoting American Nurses' Ass'n v. Illinois, 783 F.2d 716, 727 (7th Cir.1986)). Specific details underlying a complaint can wait for later stages, such as discovery or summary judgment motions. Alliant Energy Corp. v. Bie, 277 F.3d 916, 919 (7th Cir. 2002).

With regard to Count 3 of the counterclaim, the plain language of 11 U.S.C. § 544(a)(1) does not support the Trustee's cause of action. This section, in conjunction with N.J.S.A. 12A:9-317, permits a trustee to stand in the shoes of a judicial lien creditor of the debtor, and to take priority over certain creditors of the debtor. Emphasizing the words "of the debtor," it becomes evident that the Trustee may not use § 544 as a tool to avoid the claims or lien interests held by creditors of a non-debtor, in this case Vanguard. That the Trustee may allege certain wrongful conduct by GECC or knowledge of wrongful conduct by Allserve is of no moment. While the Trustee's claims in Counts 1, 2, 4 and 5 require proof of some type of knowledge, intent or bad faith on the transferee's part, and likewise involve allegations under an alter ego theory, his effort to avoid GECC's lien under 11 U.S.C. § 544(a)(1) and N.J.S.A. 12A:9-317 does not require such a showing. Rather these sections act in a vacuum to strictly address priority among and between lienholders. As the Court suggested at oral argument, a wholly innocent and undisputed good faith lender to Vanguard, which extended credit and took a lien on Vanguard's assets after the Allserve bankruptcy filing, would likewise find its lien ensnared in the Trustee's lien avoidance trap. To allow the Trustee to do so would create a significant hardship on innocent parties and wreak havoc in the commercial lending industry–giving rise to serious

public policy implications. If a trustee were permitted to use the avoidance powers of § 544(a) in such a manner, any creditor lending to a non-debtor entity would face a nearly unavoidable risk of having its lien avoided by a bankruptcy trustee of a third party. In fact, the only safeguard a lender may have in such a situation is to demand an opinion letter from the borrower in order to determine that its interests are secure from a trustee's alter ego attacks, unnecessarily increasing the costs of financing. Accordingly, this Court finds that GECC's motion to dismiss as it relates to Count 3 of the Trustee's counterclaim is GRANTED.

### III.    CONCLUSION

GECC's motion to dismiss is DENIED as to Counts 1, 2, 4 and 5, and GRANTED as to Count 3.

Dated: May 17, 2007

*[signature]*
Honorable Michael B. Kaplan
United States Bankruptcy Judge